909 A.2d 285

IN THE MATTER OF WILFRID LEBLANC,
JR., AN ATTORNEY AT LAW.

November 2, 2006.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 06–075, concluding that **WILFRID LeBLANC, JR.**, of **ROSELLE**, who was admitted to the bar of this State in 1998, should be reprimanded for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) and (b) (failure to communicate with client and failure to explain the matter to the extent necessary for the client to make informed decisions about the representation), *RPC* 1.5(a) (unreasonable fee), *RPC* 1.15(b) (failure to promptly remit funds to a third party), *RPC* 3.2 (failure to expedite litigation), *RPC* 3.4(c) (failure to abide by a court order), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), *RPC* 8.4(d) (conduct prejudicial to the administration of justice), and *Rule* 5:3–5(b) (failure to comply with the rule prohibiting non-refundable retainers in family law matters);

And the Disciplinary Review Board having further concluded that respondent should be required to complete courses in professional responsibility and that respondent should practice law under supervision;

And **WILFRID LeBLANC, JR.**, having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the matter that a censure is the appropriate discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **WILFRID LeBLANC, JR.**, is hereby censured; and it is further

ORDERED that within sixty days after the filing date of this Order, respondent shall enroll in six hours of courses in professional responsibility approved by the Office of Attorney Ethics and thereafter shall provide proof of his successful completion thereof to the Office of Attorney Ethics; and it is further

ORDERED that respondent shall practice under supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.